UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,

               Plaintiff,

               -against-

FIFTY THOUSAND SIX HUNDRED NINETY-NINE DOLLARS AND FIFTY CENTS ($50,699.50), *in United States Currency Seized from Bank of America Account Number 483064348781 Held in the Name of Knightsbridge Private Partners LLC*, EIGHTEEN THOUSAND SEVEN HUNDRED NINE DOLLARS AND THIRTEEN CENTS ($18,709.13), *in United States Currency Seized from Bank of America Account Number 483064348710 Held in the Name of Knightsbridge Private Partners LLC*, and NINE HUNDRED SEVEN DOLLARS AND TWENTY CENTS ($907.20), *in United States Currency Seized from Bank of America Account Number 483077626526 Held in the Name of KPP Late Stage LLC*,

               Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-cv-5408 (RPK) (RLM)

RACHEL P. KOVNER, United States District Judge:

      The United States brought this civil forfeiture action *in rem* against three bank accounts

totaling $70,315.83. *See* Compl. ¶ 4 (Dkt. #1).  The government identified as defendants

(1) $50,699.50 from Bank of America ("BOA") account number 483064348781, held in the name

of Knightsbridge Private Partners LLC, (2) $18,709.13 from BOA account number

483064348710, held in the name of Knightsbridge Private Partners LLC, and (3) $907.20 from

1

BOA account number 483077626526, held in the name of KPP Late Stage LLC. *Ibid.* The government seeks the condemnation of these funds and forfeiture to the United States. *Id.* ¶ 1.

The government relies on 18 U.S.C. § 981(a)(1)(C), which permits the forfeiture of "[a]ny property . . . derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity'" as defined under the statute. Such offenses include mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff. *See* 18 U.S.C. §§ 1956(c)(7)(A), 1961(1). The government claims that the defendant funds are derived from proceeds traceable to those three offenses. *See* Compl. ¶¶ 28, 31, 34.

The complaint describes the alleged conduct: Knightsbridge Private Partners LLC, Axe Marking Group LLC, and various individuals participated in a scheme to defraud investors when they solicited investments in shares of companies that they did not own. *Id.* ¶¶ 12-21. These entities used websites and call centers to solicit investments. *Id.* ¶ 13. When they received checks from misled investors, they deposited these checks into BOA account number 483064348781, *id.* ¶ 23, and they sometimes transferred funds into the other two accounts, *id.* ¶¶ 24-26. The sole signatory of the central account was a partner at Knightsbridge. *Id.* ¶ 22.

Judge Cogan issued a warrant of arrest for the defendant funds, ordering the United States Marshals Service and the Federal Bureau of Investigation to maintain custody. *See* Warrant of Arrest for Articles *In Rem* (Dkt. #2). The United States then posted a notice of forfeiture on an official site from December 20, 2019 until January 19, 2020. *See* Decl. of Publication (Dkt. #4). The United States also served potential interested parties. *See* Certificate of Service (Dkt. #5). No party appeared to defend against the *in rem* action.

Soon after, the United States requested a certificate of default. *See* Gov't's Letter (Feb. 21, 2020) (Dkt. #6). In this request, the government represented that all potential claimants to the funds in the defendant bank accounts had been served. *Ibid.* The Clerk entered default. *See* Certificate of Default (Dkt. #7). The United States then moved for default judgment. *See* Mot. for Default J. (Dkt. #8). I referred that motion to Judge Mann. *See* Dkt. Entry (Mar. 24, 2020).

Judge Mann recommends that the motion for default judgment be granted in substantial part. *See* Report & Recommendation ("R. & R.") at 2 (Dkt. #11). Judge Mann concludes that the alleged conduct did not constitute mail fraud because the complaint did not allege any use of the Postal Service or a "private or commercial interstate carrier." *See* R. & R. at 12; 18 U.S.C. § 1341. But Judge Mann concludes that the alleged conduct did constitute wire fraud, *see* 18 U.S.C. § 1343, and securities fraud, *see* 15 U.S.C. §§ 78j(b), 78ff. *See* R. & R. at 12-13. Further, Judge Mann concludes that there was a substantial connection between the funds and these unlawful activities. *See id.* at 13. Finally, Judge Mann concludes that the government complied with the procedural requirements set forth in Rule G of the Forfeiture Rules and the Civil Asset Forfeiture Reform Act of 2000. *See id.* at 8-9, 13-14. Accordingly, Judge Mann recommends that I issue a default judgment and decree of forfeiture order against the defendant funds. *See id.* at 14.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). No party has objected to the R. & R. within the time required by 28 U.S.C. § 636(b)(1).

When no party has objected to a magistrate judge's recommendation, the recommendation is reviewed, at most, for "clear error." *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see, e.g.*, *Alvarez Sosa v.*

3

*Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019).  Clear error will only be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed."  *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).  I have reviewed Judge Mann's report and recommendation and, having found no clear error, adopt it in full.  The motion for default judgment is granted.  A forfeiture order is decreed against the defendant funds totaling $70,315.83 with accrued interest.

      SO ORDERED.

                     /s/  Rachel Kovner
                    RACHEL P. KOVNER
                    United States District Judge

Dated:  December 22, 2020
       Brooklyn, New York